## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| LA'SHADION SHEMWELL | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. |
| JACOB CANNON, Individually, | § | 4:18-cv-474 |
| POLICE OFFICER DOES 1-5, Individually; | § | |
| SHAREN WILSON, Individually; and | § | |
| CITY OF ARLINGTON, TEXAS | § | **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW, the Plaintiff, La'Shadion Shemwell and complains against the Defendants,

Police Officer Does 1-5, individually and Jacob Cannon, individually, and the City of Arlington,

Texas, and for cause would show the court as follows:

## NATURE OF THE ACTION

1.      This is an action brought by the Plaintiff against The City of Arlington, Texas for

False Arrest, and Malicious Prosecution and Police Officer Does 1-5, individually for false arrest,

malicious prosecution, intentional infliction of emotional distress, resulting in injuries to the

Plaintiff, under the color of law, in violation of Plainitff's individual rights under the First, Second,

Fourth and Fourteenth Amendments of the United States Constitution, and in violation of his civil

rights pursuant to 42 U.S.C. § 1983.

2.      Plaintiff alleges Arlington City Charter provides that the Arlington City Council is

responsible for setting all city policies, unless otherwise delegated. Arlington is a "Council-

manager" government.

> The municipal government provided by this Charter shall be known as the
> "Council-Manager" government.  Pursuant to the provisions of, and subject only to
> the limitations imposed by the State Constitution, the State laws and this Charter,
> all powers of the municipal government shall be vested in an elected governing

body to be known as the "City Council". (Arlington City Charter, Article IV, Section 1).

3.     The Arlington City Council is the decision-maker and policymaker for the customs, practices, policies and procedures complained of herein. Arlington City Council had a duty, but failed, to implement and/or enforce policies, practices, procedures, and to ensure adequate training, supervision, and discipline with respect to compliance with these policies for Arlington Police Department.

4.     The Defendant, City of Arlington and Arlington City Council's failure to develop and implement the necessary policies and the resultant *de facto* policy of deliberate indifference to a widespread custom and practice of unconstitutional conduct was the moving force behind the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments and caused his unwarranted and excruciating physical and mental anguish. For these civil rights violations and other causes of action discussed herein, Plaintiff seeks answers and compensation for his damages.

## PARTIES

1.     Plaintiff, La'Shadion A. Shemwell, is a citizen of the United States and a resident of Collin County, Texas

2.     Defendant, the City of Arlington, is a municipality located in Tarrant County, Texas. The City of Arlington funds and operates the Arlington Police Department (APD).   The APD is also responsible for preventive, investigative, and enforcement services for all citizens of the City of Arlington. The City of Arlington may be served with citation herein by and through its City Secretary, at 101 W. Abram St., 3rd floor, Arlington, Texas 76010.

3.     Defendant, Jacob Cannon, upon information and belief, is a commissioned peace officer duly appointed by City of Arlington and may be served at his place of employment at 620 W Division Street, Arlington, Texas 76011.

4.      Defendants, Police Officer Does 1-5 are other officers present on the scene of the incident.  Upon information and belief, Police Officer Does 1-5, and at all times material herein were police officers acting in the course and scope of their employment for the City of Arlington Police Department.  They will be identified during discovery and added as named defendants as soon as their identities are known.

## JURISDICTION AND VENUE

5.      Jurisdiction exists in this court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought under, inter alia, the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983, to redress the deprivation of rights, privileges and immunities guaranteed to Plaintiff by constitutional and statutory provisions. Plaintiff further invokes the supplemental jurisdiction of this court pursuant to 28 U.S.C. § 1367 to adjudicate pendent claims arising under the laws of the State of Texas.

6.      Venue is proper in this court because the causes of action occurred within the Northern District of Texas, Fort Worth Division.

## STATE ACTION

7.      To the extent applicable, Defendants Police Officer Does 1-5 and Officer Jacob Cannon (collectively "Defendant Officers") at all times material herein, were commissioned peace officers acting in the course and scope of their employment for the City. They were acting under color of state law when they subjected Plaintiff to the wrongs and injuries hereinafter set forth.

## FACTS

8.      On August 7, 2015, Arlington police officer, Brad Miller, shot and killed nineteen year old Christian Taylor, an unarmed black college athlete.

9.      On June 8, 2016, a Tarrant County grand jury declined to indict Officer Miller for

killing Christian Taylor.

10.     On June 10, 2016 Plaintiff participated in a scheduled rally/protest in response to the grand jury decision regarding Christian Taylor.  The rally/protest began at the Arlington Police main office.

11.     Plaintiff appeared at the scheduled rally with his AK-15 rifle. With his rifle in his hands, Plaintiff remained at the Arlington police headquarters for the entire duration of the rally. Plaintiff left police headquarters with the group as they began marching to protest Taylor's killing.

12.     Plaintiff marched along-side protestors carrying his rifle. The march proceeded into Levitt Pavilion where a concert was ongoing.  Plaintiff approached the stage and spoke to the performers who then allowed the protesters to utilize their platform to explain about Arlington police killing Christian Taylor.

13.     As the protesters were leaving the Pavilion, Defendant Officers swarmed the scene and accosted Plaintiff.  An officer requested that Plaintiff  "sling" or reposition his rifle. Plaintiff declined, as he was not required reposition his rifle under Texas law.

14.     Texas law does not prohibit openly carrying a long rifle.  Texas law provides no requirement that the rifle be secured by a strap or "sling."

15.     Defendant Officers then grabbed Plaintiff, and forcibly removed his rifle, pointing the barrel at the crowd in the process. At no point did Plaintiff resist officers' actions.

16.     Defendant Officers then handcuffed Plaintiff without incident and put him into a squad car.  During this time, Plaintiff was physically restrained and unable to leave. He did not willingly remain in custody.

17.     Defendant Officers then drove Plaintiff to the jail.  They held him in custody in the vehicle while they deliberated on what charges they could conjure up to justify detaining him.

Plaintiff demanded to know why he was in custody on numerous occasions. Defendant Officers failed to offer an explanation.

18.     After one Defendant Officer looked up Plaintiff's prior history to see what charges could be filed, Plaintiff was eventually booked in and charged for disorderly conduct and resisting arrest.

19.     Defendants furnished false information to Tarrant County District Attorney's office to prosecute Plaintiff on their fabricated charges.

20.     Plaintiff went to jury trial on the bogus criminal charges on September 26, 2016. That trial ended in a mistrial when an officer violated a previously established court order to not disclose certain prejudicial information.

21.     Plaintiff went to jury trial for a second time on November 1, 2016 and was acquitted of all charges.

**FALSE ARREST**
**COUNT I – 42 U.S.C. § 1983**

22.     Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

23.     Plaintiff would show that Defendant Officer's arrest and detention of Shemwell were objectively unreasonable and performed in bad faith in that they detained Shemwell without probable cause.

24.     Shemwell did not commit a crime as the evidence showed during trial. Texas law does not prohibit open carry of a long rifle. Texas law provides no requirement that the weapon be secured by a strap or "sling."  Therefore, Shemwell did not carry his weapon in a manner to cause alarm.

25.     Shemwell was arrested for simply exercising his First Amendment right to protest and his Second Amendment right to bear arms.

26.     Officers detained Shemwell by handcuffing him, placing him in a police vehicle, and locking him in a cell.

27.     Plaintiff would further show that he has suffered damages within the jurisdictional limits of this court as a result of the wrongful arrest and that such arrest was done under color of law.  Plaintiff would show that Defendant Officers were acting within the official customs, policies, practices and/or procedures in regards to the use of excessive force and denial of due process as authorized and/or ratified by the City at the time of the incident. Plaintiff would additionally show that such wrongful arrest was done in violation of Shemwell's rights under the Fourth and Fourteenth Amendments of the United States Constitution, as incorporated to the states by the Fourteenth Amendment, and that Plaintiff has suffered damages within the jurisdictional limits of this court as a result of the violations of his rights.

28.     Defendant Officers were acting under the color of law when they deprived Shemwell of his constitutional right to be free from unlawful detention/false arrest.

29.     The charges filed against Shemwell were not sustained.

30.     As a direct cause and result of the Constitutional violations by the City as set forth herein, Plaintiff incurred extreme pain and injuries for which he seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

<u>**CITY OF ARLINGTON FAILURE TO**</u>
<u>**TRAIN, SUPERVISE, AND DISCIPLINE**</u>
**COUNT II- 42 U.S.C. § 1983**

31.     Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

32.     Defendant Officers, acting under color of law and acting pursuant to customs, practices and policies of The City of Arlington and APD in regards to unlawful detention/false arrest, as authorized and/or ratified by the City, deprived Shemwell of rights and privileges secured

to him by the Fourth and Fourteenth Amendments to the United States Constitution and by other laws of the United States.

33.     By failing to provide proper training in the elements of criminal charges including disorderly conduct and resisting arrest, the APD and City exhibited deliberate indifference to an obvious need for training.

34.     With respect to the claims made the basis of this lawsuit, the City's failure to train its employees in a relevant respect reflects a deliberate indifference to the rights of the city's inhabitants and is actionable under 42 U.S.C. § 1983.

35.     Defendant City of Arlington and APD under the direction of the Arlington City Council developed and maintained a policy of deficient training of its police force in understanding the elements of criminal charges and First and Second Amendment rights.

36.     Any reasonably trained officer would not take a person into custody without probably cause they were committing a crime or what crime they were suspected of committing.

37.     The City and APD's failure to provide adequate training to its police officers regarding elements of criminal charges and First and Second Amendment rights reflects deliberate indifference by of the City and reckless and conscious disregard for the obvious risk that officers would unconstitutionally arrest and detain citizens and violate First and Second Amendment rights made the violations of Shemwell's constitutional rights, a reasonable probability.

38.     Plaintiff would show that Defendant Officers' actions were the result of, or within the scope of, wrongful and reckless customs, policies, practices and/or procedures for which the City knew or should have known that conduct such as that evidenced in the instant case was likely to occur, but never provided the requisite and proper training that would have prevented it.

39.     Upon information and belief, Defendant City, acting through official policies,

practices, and customs, and with deliberate, callous, and conscious indifference to the constitutional rights of Shemwell failed to implement the policies, procedures; and practices necessary to provide constitutionally adequate protection to Shemwell and implemented policies, procedures, and practices which were the moving force behind the violation of his constitutional rights.

40.    For instance, the following conduct, policies, and customs, inter alia, by Defendants violated Shemwell's constitutional rights:

      a.    The City's failure to adequately train its officers on the Texas criminal code elements of charges and First and Second Amendment rights;

      b.    APD's failure to properly supervise Defendant Officers to assure that they did not violate citizens' rights.

      c.    APD's failure to discipline or terminate officers for non-compliance with policy;

41.    The City of Arlington also had a duty to properly supervise its police officers to assure that they comply with the law and do not violate citizen rights.

42.    Defendant failed to properly supervise its officers.

43.    In fact, upon information and belief, Shemwell was arrested at the request of the Chief of Police.  Instead of supervising and assuring that his officers did not violate citizens' rights, the Arlington Chief of police encouraged the violations.

44.    The City's failure to properly train/supervise/discipline its police officers regarding the elements of criminal charges and First and Second Amendment rights was the proximate cause of the violations of Shemwell's constitutional rights.

## MALICIOUS PROSECUTION
### COUNT III- 42 U.S.C. § 1983

45.    Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

46.     Defendants caused criminal charges to be brought against Plaintiff without probable cause and with malice.

47.     Plaintiff would show that Defendant Officer's arrest and detention of Shemwell were objectively unreasonable and performed in bad faith in that they provided evidence to the Tarrant County District Attorney to prosecute Shemwell with no probable cause and utilizing altered evidence.

48.     Shemwell did not commit a crime as the evidence showed during trial. Plaintiff would further show that he has suffered damages within the jurisdictional limits of this court as a result of the prosecution and that such arrest was done under color of law.

49.     Plaintiff would show that Defendants were acting with malice in pursuing prosecution. Defendant City employees testified that their venue suffered a loss of revenue due to the Shemwell's arrest during the concert.

50.     Ultimately, charges against Shemwell were not sustained. He was acquitted on all charges.

51.     As a direct cause and result of the actions by the City as set forth herein, Plaintiff incurred significant legal expenses in defending two separate trials, and other injuries for which he seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

### MALICIOUS PROSECUTION
### COUNT IV
### (Texas State Law Claim Against Defendant Officers)

52.     Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

53.     Defendant Officers maliciously initiated and caused prosecution of Plaintiff based upon no probable cause, altered police reports, and malice due to lost revenue.   The criminal

prosecution terminated in favor of Shemwell. He was acquitted on all charges.  Plaintiff suffered

substantial injury for which he request award of the following damages:

      a.     Emotional distress and mental anguish

      b.     Damage to reputation

      c.     Loss of earnings

### NEGLIGENCE
### COUNT IV

54.    Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

55.    Defendant Officers owed a duty to Shemwell to not cause harm to his person or infringe upon his liberties.

56.    Defendant Officers breached their duty of care to Shemwell.

57.    Defendant Officers unlawfully violated Shemwell's First and Second Amendment Rights.

58.    Defendant Officers were negligent in their arrest of Shemwell.

59.    As a result of Defendant Officers' actions, Shemwell suffered physical, psychological, and emotional injuries.

60.    As a direct cause and result of Defendant Officers' actions as set forth herein, Shemwell incurred injuries for which he seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

### GROSS NEGLIGENCE
### COUNT V

61.    Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

62.    Defendant Officers had a duty to employ only reasonable measures in the treatment of Shemwell.

63.     Notwithstanding said duties, Defendant Officers acted in a wanton and willful manner, exhibiting such carelessness and recklessness as to evidence of conscious disregard for the safety of Shemwell.

64.     As a direct and proximate result of the actions of Defendant Officers, Plaintiff suffered pain and suffering, mental anguish and severe emotional distress.

65.     Defendant Officers embarked on a willful, malicious, reckless and outrageous course of conduct that was intended to cause and, in fact, caused Shemwell to suffer extreme and severe mental and emotional distress, agony and anxiety.

66.     Defendant Officers aggressively attacking and wrangling a firearm away from its lawful owner in violation of his Second Amendment rights offends generally accepted standards of decency and morality.

67.     Shemwell posed no threat or caused any alarm. Thus, they knew or should have known that they had no right whatsoever perform any action with respect to Shemwell. Defendant Officers nonetheless unlawfully arrested Shemwell.

68.     As a direct cause and result of the actions of Defendant Officers as set forth herein, Plaintiff incurred anguish and injuries for which he seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

## ASSAULT AND BATTERY
## COUNT VI

69.     Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

70.     Alternatively, Defendant Officers intentionally and without consent placed Shemwell in apprehension of imminent harmful contact and caused harmful bodily contact.

71.     Defendant Officers pinned Shemwell and put him in handcuffs.

72.     As a direct cause and result of the Constitutional violations by the City of

Arlington as set forth herein, Plaintiff incurred extreme anguish and injuries for which he seek compensation as set forth more specifically in the section of this Complaint entitled "Damages."

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### COUNT VII

73.     Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

74.     Defendant Officers' conduct, as described above, was intended to and did inflict severe mental and emotional distress upon Shemwell. Defendant Officers knew or should have known that such conduct would subject Shemwell to sever emotional distress.

75.     Defendant Officers' conduct was extreme and outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, as to be regarded as atrocious and utterly intolerable in a civilized society.

76.     Defendant Officers accosted and arrested a citizen for simply exercising his First and Second Amendment rights.

77.     Defendant Officers' conduct proximately caused Shemwell damages in that it caused him to suffer severe emotional distress. In particular, Defendant Officers' conduct was the direct and proximate cause of severe mental pain and anguish.

78.     Shemwell's emotional distress has been severe that he has suffered from PTSD, anxiety, depression, loss of sleep, and loss of appetite.

79.     In addition to severe emotional distress, Shemwell has suffered and will continue to suffer additional damages as a proximate result of the defendant's conduct in that, in all reasonable probability, Shemwell will continue to suffer this mental pain and anguish for a long time in the future.

## DAMAGES ALL DEFENDANTS
### COUNT VIII

80.    Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

81.    Defendants' acts and/or omissions were a proximate cause of the following injuries

suffered by Plaintiff:

     a.   Actual damages;

     b.   Pain and suffering and mental anguish suffered by Shemwell;

     c.   Loss of quality of life;

     d.   Where applicable, exemplary and punitive damages as well as reasonable
        attorneys' fees and costs of court;

     e.   Pursuant to 42 U.S.C. § 1988, and other applicable laws, Plaintiff should be
        awarded reasonable attorney's fees for the preparation and trial of this cause of
        action, and for its appeal, if required;

     f.   Prejudgment interest; and

     g.   Post judgment interest.

82.    Plaintiff seeks unliquidated damages in an amount that is within the jurisdictional

limits of the court.

## <u>PUNITIVE/EXEMPLARY DAMAGES</u>
### COUNT IX

83.    Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

84.    Additionally, and in the alternative, the conduct of Defendant Officers were done

with malice.

85.    As such, Plaintiff requests punitive and exemplary damages to deter this type of

conduct in the future. In the alternative, such heedless and reckless disregard of Shemwell's rights,

safety and welfare is more than momentary thoughtlessness, inadvertence or misjudgment. Such

unconscionable conduct goes beyond ordinary negligence, and as such Plaintiff requests punitive

and exemplary damages are awarded against Defendant Officers in a sum which is within the

jurisdictional limits of this court.

## COSTS AND ATTORNEY FEES

86.     Plaintiff incorporate by reference paragraphs above as if fully set forth herein.

Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b) and other

applicable provisions or in equity. As such, Plaintiff requests the Court to award costs and attorney

fees incurred in Plaintiff's prosecution of this litigation.

## CONDITIONS PRECEDENT

87.     Plaintiff reserves his rights to plead and prove the damages to which he is entitled

to at the time of trial. All conditions to Plaintiff's recovery have been performed or have occurred.

## TRIAL BY JURY

88.     Plaintiff has paid a jury fee and demands trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to

appear and answer herein; that upon final trial hereof Plaintiff has and recovers judgment from

Defendants; actual damages, exemplary damages, pre-judgment interest at the legal rate; interest

on said judgment at the legal rate; costs of court; and such other and further relief, both general

and special, at law and in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

 /s/  Kim T. Cole
KIM T. COLE
Texas State Bar No. 24071024
**K. COLE LAW, PLLC**
2770 Main Street, Suite 186
Frisco, Texas 75033
(214) 702-2551 (phone)
(972) 947-3834 (fax)
kcole@kcolelaw.com
**ATTORNEY FOR PLAINTIFF**