

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 1 5 2019

CLERK, U.S. DISTRICT COURT
By_____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LA'SHADION SHEMWELL,        §
                            §
            Plaintiff,      §
                            §
VS.                         §    NO. 4:18-CV-474-A
                            §
JACOB CANNON, INDIVIDUALLY, §
ET AL.,                     §
                            §
            Defendants.     §

<u>MEMORANDUM OPINION AND ORDER</u>

Came on for consideration the motions of defendants City of Arlington ("City") and Jacob Cannon ("Cannon") to dismiss. The court, having considered the motions, the responses of plaintiff, La'Shadion Shemwell, the reply of Cannon, the record, and applicable authorities, finds that the motions should be granted.

I.

<u>Background</u>

On June 10, 2018, plaintiff filed his complaint in this action. Doc.[1] 1. In it, plaintiff alleges:

On June 10, 2016, plaintiff participated in a rally/protest in response to a grand jury decision not to indict an Arlington police officer who had shot and killed a black college student. Doc. 1, ¶ 10. Plaintiff appeared at the rally with his AK-15 rifle. <u>Id.</u> ¶ 11. Protesters marched from Arlington Police

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

headquarters into the Levitt Pavilion, where a concert was ongoing. Id. ¶¶ 11-12. Plaintiff approached the stage and spoke to performers, who allowed the protesters to use their platform. Id. ¶ 12. As the protesters were leaving, an officer requested that plaintiff "sling" or reposition his rifle. Plaintiff refused. Id. ¶ 13. Officers handcuffed plaintiff without incident and put him in a squad car. Id. ¶ 16. Officers drove plaintiff to jail. Id. ¶ 17. Plaintiff was booked and charged with disorderly conduct and resisting arrest. Id. ¶ 18. Plaintiff went to trial on September 26, 2016, but the case ended in a mistrial. Id. ¶ 20. Plaintiff went to trial a second time on November 1, 2016, and was acquitted. Id. ¶ 21.

Plaintiff asserts claims under 42 U.S.C. § 1983 against Cannon for false arrest (Count I) and malicious prosecution (Count III), and against City for failure to train, supervise, and discipline (Count II) and false arrest (Count III). He also asserts state law claims for malicious prosecution (Count IV), negligence (second Count IV), gross negligence (Count V), assault and battery (Count VI), and intentional infliction of emotional distress (Count VII) against Cannon.

By order signed June 22, 2018, the court struck the provision of the complaint naming "Police Officer Does 1-5" and ordered that plaintiff could seek leave to amend his complaint in

the event he was able to identify any of the unnamed officers.
Doc. 10. He has not done so.

By order signed September 10, 2018, the court noted that
there was no record in the file of the action of proper service
of summons and complaint on defendants, City, Cannon, and Sharen
Wilson ("Wilson"). Doc. 11. In fact, summonses had not been
issued. The court ordered that plaintiff file by September 20,
2018, either proof of proper service or an instrument containing
a satisfactory explanation as to why such proof could not be
filed. The order cautioned that failure to comply with the order
might result in the dismissal of plaintiff's claims without
further notice, as authorized by Fed. R. Civ. P. 4(m). Id. The
record reflects that summonses for defendants were issued the
next day. Doc. 12.

Wilson filed a motion to dismiss, Doc. 13, which the court
granted. Doc. 32. The court directed entry of final judgment as
to the dismissal of the claims against Wilson and there has been
no appeal therefrom. Doc. 33.

II.

Grounds of the Motions

Cannon maintains that plaintiff's claims are barred by
limitations. In addition, he asserts among other things that
plaintiff has failed to allege any plausible causes of action,

and, even if he has, Cannon is entitled to both qualified and official immunity.

City urges that plaintiff has not alleged facts sufficient to identify any custom or policy that caused him harm. Further, the malicious prosecution claim as pleaded by plaintiff does not state a plausible claim for relief.[2]

### III.

### Applicable Legal Principles

A.  Pleading

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court

---

[2]City notes that it was not timely served, but does not urge this as a ground for relief.  Doc. 16 at 2.

must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dep't of

<u>Housing & Urban Dev.</u>, 554 F.3d 525, 528 (5th Cir. 2008). In sum,

"a complaint must do more than name laws that may have been

violated by the defendant; it must also allege facts regarding

what conduct violated those laws. In other words, a complaint

must put the defendant on notice as to what conduct is being

called for defense in a court of law." <u>Id.</u> at 528-29. Further,

the complaint must specify the acts of the defendants

individually, not collectively, to meet the pleading standards of

Rule 8(a).[3] <u>See</u> <u>Griggs v. State Farm Lloyds</u>, 181 F.3d 694, 699

(5th Cir. 1999); <u>see also</u> <u>Searcy v. Knight (In re Am. Int'l</u>

<u>Refinery)</u>, 402 B.R. 728, 738 (Bankr. W.D. La. 2008).

B.    <u>Qualified Immunity</u>

Qualified immunity insulates a government official from

civil damages liability when the official's actions do not

"violate clearly established statutory or constitutional rights

of which a reasonable person would have known." <u>Harlow v.</u>

<u>Fitzgerald</u>, 457 U.S. 800, 818 (1982). For a right to be "clearly

established," the right's contours must be "sufficiently clear

that a reasonable official would understand that what he is doing

violates that right." <u>Anderson v. Creighton</u>, 483 U.S. 635, 640

(1987). Individual liability thus turns on the objective legal

---

[3]Plaintiff does not allege any facts with regard to the conduct of any specific officer. Nevertheless, Cannon does not move to dismiss on this basis and appears to acknowledge that he was the officer who arrested plaintiff. Doc. 20.

reasonableness of the defendant's actions assessed in light of clearly established law at the time. Hunter v. Bryant, 502 U.S. 224, 228 (1991); Anderson, 483 U.S. at 639-40. In Harlow, the court explained that a key question is "whether that law was clearly established at the time an action occurred" because "[i]f the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." 457 U.S. at 818. In assessing whether the law was clearly established at the time, the court is to consider all relevant legal authority, whether cited by the parties or not. Elder v. Holloway, 510 U.S. 510, 512 (1994). If public officials of reasonable competence could differ on the lawfulness of defendant's actions, the defendant is entitled to qualified immunity. Mullenix v. Luna, 136 S. Ct. 305, 308 (2015); Malley v. Briggs, 475 U.S. 335, 341 (1986); Fraire v. City of Arlington, 957 F.2d 1268, 1273 (5th Cir. 1992). "[A]n allegation of malice is not sufficient to defeat immunity if the defendant acted in an objectively reasonable manner." Malley, 475 U.S. at 341.

In analyzing whether an individual defendant is entitled to qualified immunity, the court considers whether plaintiff has alleged any violation of a clearly established right, and, if so,

whether the individual defendant's conduct was objectively reasonable. <u>Siegert v. Gilley</u>, 500 U.S. 226, 231 (1991); <u>Duckett v. City of Cedar Park</u>, 950 F.2d 272, 276-80 (5th Cir. 1992). In so doing, the court should not assume that plaintiff has stated a claim, i.e., asserted a violation of a constitutional right. <u>Siegert</u>, 500 U.S. at 232. Rather, the court must be certain that, if the facts alleged by plaintiff are true, a violation has clearly occurred. <u>Connelly v. Comptroller</u>, 876 F.2d 1209, 1212 (5th Cir. 1989). A mistake in judgment does not cause an officer to lose his qualified immunity defense. In <u>Hunter</u>, the Supreme Court explained:

> The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." <u>Malley</u>, [475 U.S.] at 343. . . . This accommodation for reasonable error exists because "officials should not err always on the side of caution" because they fear being sued. . . .

502 U.S. at 229.

When a defendant relies on qualified immunity, the burden is on the plaintiff to negate the defense. <u>Kovacic v. Villarreal</u>, 628 F.3d 209, 211 (5th Cir. 2010); <u>Foster v. City of Lake Jackson</u>, 28 F.3d 425, 428 (5th Cir. 1994). Although Supreme Court precedent does not require a case directly on point, existing precedent must place the statutory or constitutional question beyond debate. <u>White v. Pauly</u>, 137 S. Ct. 548, 551 (2017). That

8

is, the clearly established law upon which plaintiff relies should not be defined at a high level of generality, but must be particularized to the facts of the case. Id. at 552. Thus, the failure to identify a case where an officer acting under similar circumstances was held to have violated a plaintiff's rights will most likely defeat the plaintiff's ability to overcome a qualified immunity defense. Id.; Surratt v McClarin, 851 F.3d 389, 392 (5th Cir. 2017).

C.   Municipal Liability

     The law is clearly established that the doctrine of respondent superior does not apply to § 1983 actions. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Williams v. Luna, 909 F.2d 121, 123 (5th Cir. 1990). Liability may be imposed against a governmental entity only if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation. Connick v. Thompson, 563 U.S. 51, 60 (2011). Local governments are responsible only for their own illegal acts. Id. (quoting Pembaur v. Cincinnati, 475 U.S. 469, 479 (1986)). Thus, plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury. Monell, 436 U.S. at 691. Specifically, there must be an affirmative link between the

policy and the particular constitutional violation alleged. City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985).

Proof of a single incident of unconstitutional activity is not sufficient to impose liability, unless proof of the incident includes proof that it was caused by an existing, unconstitutional policy, which policy can be attributed to a municipal policymaker. Tuttle, 471 U.S. at 823-24. (If the policy itself is not unconstitutional, considerably more proof than a single incident will be necessary to establish both the requisite fault and the causal connection between the policy and the constitutional deprivation. Id. at 824.) Thus, to establish governmental liability requires proof of three elements: a policymaker, an official policy, and a violation of constitutional rights whose moving force is the policy or custom. Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001).

The Fifth Circuit has been explicit in its definition of an "official policy" that can lead to liability on the part of a governmental entity, giving the following explanation in an opinion issued en banc in response to a motion for rehearing in Bennett v. City of Slidell:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

735 F.2d 861, 862 (5th Cir. 1984) (per curiam).

"A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." Connick, 563 U.S. at 61. The failure to train must constitute "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." Id. (brackets in original) (citation omitted). To establish deliberate indifference for a failure to train ordinarily requires the plaintiff to show a pattern of similar constitutional violations. Id. at 62. In other words, the plaintiff must show that City's policymakers were on actual or constructive notice that a particular omission in their training program caused City employees to violate citizens' constitutional rights, but City chose to disregard the known or obvious consequences of its program. Id.

D.    Texas Tort Claims Act

Under the doctrine of sovereign immunity, a governmental entity cannot be held liable for the actions of its employees unless a constitutional or statutory provision waives the entity's sovereign immunity in clear and unambiguous language. See Univ. of Tex. Med. Branch v. York, 871 S.W.2d 175, 177 (Tex.1994); Duhart v. State, 610 S.W.2d 740, 742 (Tex.1980). The Texas Tort Claims Act provides such a waiver in certain circumstances. Tex. Civ. Prac. & Rem. Code § 101.025; York, 871 S.W.2d at 177. However, the Act does not waive immunity with respect to claims "arising out of assault, battery, false imprisonment, or any other intentional tort." Tex. Civ. Prac. & Rem. Code § 101.057(2); see Goodman v. Harris County, 571 F.3d 388, 394 (5th Cir. 2009). Claims of assault, battery, false imprisonment, and malicious prosecution are unquestionably intentional torts for which immunity has not been waived. Tex. Civ. Prac. & Rem. Code § 101.057(2); Goodman v. Harris Cnty., 571 F.3d 388, 394 (5th Cir. 2009); Texas Dep't of Pub. Safety v. Petta, 44 S.W.3d 575, 580 (Tex. 2001). Use of excessive force is an intentional tort and an alternative negligence pleading cannot save the claim where the claim is based on the same conduct as the intentional tort claim. Saenz v. City of El Paso, 637 F. App'x 828, 830-31 (5th Cir. 2016); Cox v. City of Fort Worth, 762

12

F. Supp. 2d 926, 935 (N.D. Tex. 2010). Moreover, by suing a governmental entity, the plaintiff makes an irrevocable election to pursue state law tort claims against the entity only. Molina v. Alvarado, 463 S.W.3d 867, 871 (Tex. 2015); Tex. Civ. Prac. & Rem. Code § 101.106(a).

IV.

Analysis

A.  Claims Against Cannon

    1.  Limitations

Cannon maintains that the claims against him are barred by limitations. Plaintiff does not dispute that a two-year limitations period applies to all of his claims or that the claims accrued on the date of his arrest.[4] Doc. 41 at 11. He argues that he used continuous diligence to serve Cannon. And, he maintains that because he complied with the court's order of September 10, 2018 regarding service, his claims are not barred.

When a federal court borrows the state statute of limitations, it also borrows the state's tolling provisions. Board of Regents of Univ. of State of N.Y. v. Tomanio, 446 U.S. 478, 483 (1980); Echols v. Strickland, 92 F.R.D. 75, 76 (S.D.

---

[4]The limitations period for § 1983 actions is borrowed from Texas's personal injury limitations period, which is two years. Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994). Plaintiff's state law malicious prosecution claim is subject to a one-year limitations period. Tex. Civ. Prac. & Rem. Code § 16.002(a).

Tex. 1981). In order to interrupt the running of limitations in Texas, the plaintiff must exercise continuous diligence in procuring and serving citation. Ellis v. Great Sw. Corp., 646 F.2d 1099, 1112-13 (5th Cir. Unit A 1981). "It is absolutely clear . . . under Texas law [that] 'the mere filing of a suit will not interrupt or toll the running of a statute of limitations.'" Id. at 1112 (quoting Zale Corp. v. Rosenbaum, 520 S.W.2d 889, 890 (Tex. 1975)).

Compliance with Rule 4 of the Federal Rules of Civil Procedure has no bearing on whether limitations has run. Paredes v. City of Odessa, 128 F. Supp. 2d 1009, 1016-17 (W.D. Tex. 2000). Thus, that plaintiff complied with the court's September 10 order does not mean that his claims are timely. Rather, that plaintiff did not request issuance of summonses when the action was filed and did not do so for more than ninety days thereafter is evidence of lack of diligence. See Mauricio v. Castro, 287 S.W.3d 476, 480 (Tex. App.--Dallas 2009, no pet.); Rodriguez v. Tinsman & Houser, Inc., 13 S.W.3d 47, 50 (Tex. App.--San Antonio 1999, pet. denied).

Based on the foregoing authorities and the excuses[5] offered by plaintiff, it does not appear that either defendant (City or Cannon) was timely served.[6] Nevertheless, the issue of the reasonableness of delay is a fact question better addressed by motion for summary judgment. See Ellis, 646 F.2d at 1113; Slagle v. Prickett, 345 S.W.3d 693 (Tex. App.--El Paso 2011, no pet.).

    2.   Qualified Immunity

As stated, plaintiff asserts claims against Cannon under § 1983 for false arrest (Count I) and malicious prosecution (Count III). Plaintiff does not dispute that a claim cannot be brought under § 1983 under a malicious prosecution theory. Cuadra v. Houston Indep. Sch. Dist., 626 F.3d 808, 812-13 (5th Cir. 2010); Haggerty v. Texas S. Univ., 391 F.3d 653, 658 (5th Cir. 2004); Castellano v. Fragozo, 352 F.3d 939 (5th Cir. 2003). Accordingly, count III must be dismissed.

In count I, plaintiff alleges that his arrest was objectively unreasonable and performed in bad faith. Further, he did not commit a crime, "as the evidence showed during trial." Doc. 1, ¶¶ 23-24. The issue, however, is whether Cannon had

---

[5]Among the excuses offered by plaintiff is that he was unable to determine whether Cannon was still employed by City. Doc. 41 at 13. However, plaintiff alleged in his complaint that Cannon was a commissioned peace officer who could be served at his place of employment, police department headquarters in Arlington. Doc. 1, ¶ 3.

[6]Although plaintiff had no reason to address the failure to serve City, there can have been no question about accomplishing service on it.

probable cause to believe that plaintiff had committed a crime. Cannon is entitled to qualified immunity if a reasonable officer in his position could have believed that, in light of the totality of the facts and circumstances of which he was aware, there was a fair probability that plaintiff had committed or was committing an offense. Haggerty, 391 F.3d at 656. To defeat Cannon's qualified immunity, plaintiff "must clear a significant hurdle." Id. He must show that there is not even arguably probable cause for the arrest in order for immunity to be lost. Id.

The detention of a person requires only a minimal level of objective justification. United States v. Sokolow, 490 U.S. 1, 7 (1989). Reasonable suspicion is enough. Terry v. Ohio, 392 U.S. 1, 21 (1968). And, the existence of probable cause for any offense, including one not charged, is sufficient to defeat a § 1983 false arrest claim. Devenpeck v. Alford, 543 U.S. 146, 153-54 (2004).

Here, plaintiff alleges that while marching around carrying an AK-15 rifle--a military-style semi-automatic firearm--he entered an outdoor venue where a concert was on-going, approached the stage, interrupting the concert, and asked to make a presentation. When officers asked plaintiff to reposition his rifle or sling it, he refused. Unidentified officers removed

plaintiff's rifle from him and handcuffed him. He was arrested and ultimately went to trial twice on disorderly conduct charges. Under the Texas Penal Code, disorderly conduct can include making an offensive gesture or display in a public place which tends to incite an immediate breach of the peace, Tex. Penal Code § 42.01(a)(2), displaying a firearm in a public place in a manner calculated to alarm, Tex. Penal Code § 42.01(a)(8), and obstructing or interfering with a lawful meeting, procession, or gathering by physical action or verbal utterance, Tex. Penal Code § 42.05(a).

Here, plaintiff does not allege facts sufficient to negate the existence of probable cause. That is, he has not shown that no reasonable officer would have believed, based on the totality of the facts and circumstances, that plaintiff had committed or was committing a crime. Nor has he come forward with any case where an officer acting under similar circumstances as Cannon was held to have violated the Fourth Amendment by detaining or arresting a person similarly-situated to plaintiff. Wesby, 138 S. Ct. at 590; White, 137 S. Ct. 551-52; Vann v. City of Southaven, 884 F.3d 307, 310 (5th Cir. 2018). Accordingly, count I of the complaint will be dismissed.

17

3. State Law Claims

Cannon argues that all of the state law claims against him must be dismissed pursuant to Tex. Civ. Prac. & Rem. Code § 101.106(a), (e), and (f). Plaintiff responds only with regard to his claims for malicious prosecution and assault and battery. Doc. 41 at 21-22. In count IV, plaintiff asserts a state law claim of malicious prosecution, which he describes as "Texas State Law Claim Against Defendant Officers." Doc. 1, heading preceding ¶ 52. However, the next paragraph incorporates by reference all preceding paragraphs including the allegations that City engaged in the malicious prosecution of plaintiff. Id. ¶ 52. The same is true of count VI, in which plaintiff asserts a claim for assault and battery against Cannon. He specifically alleges that City is liable. Doc. 1, ¶ 72. The court further notes that the complaint makes plain that Cannon was acting in the course and scope of his employment for City at all times. Id., ¶ 7. Having elected to sue City for malicious prosecution, and alleged that Cannon acted in his official capacity with regard to all the claims against him, plaintiff cannot also sue Cannon individually. Tex. Civ. Prac. & Rem. Code § 101.106(a), (e), and (f). Bustos v. Martini Club, Inc., 599 F.3d 458, 463-64 (5th Cir. 2010).

With regard to count VI, the court notes, in any event, that plaintiff has not pleaded any facts to state an assault and battery charge against Cannon. He pleads no facts to show that the amount of force used in handcuffing him was not reasonable. Rather, he pleads that he was handcuffed without incident. Doc. 1, ¶ 16. Thus, Cannon would be entitled to official immunity. <u>See</u> <u>Telthorster v. Tennell</u>, 92 S.W.3d 457, 461 (Tex. 2002)(an officer is entitled to official immunity if a reasonably prudent officer acting under the same or similar circumstances could have believed his actions were appropriate).

Finally, as Cannon points out, intentional infliction of emotional distress is a gap-filler tort, judicially created for the limited purpose of allowing recovery in those rare instances where a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress. <u>Hoffman-LaRoche, Inc. v.</u> <u>Zeltwanger</u>, 144 S.W.3d 438, 447 (Tex. 2004). This is simply not such a case based on the facts pleaded by plaintiff.

B.  <u>Claims Against City</u>

City maintains that plaintiff has failed to identify any policy or practice that caused his alleged harm. The court agrees. Despite his argument to the contrary, plaintiff has alleged nothing but boilerplate accusations, which his own

authorities say is insufficient. See Thomas v. City of Galveston, 800 F. Supp. 2d 826, 842-43 (S.D. Tex. 2011). The court is not bound to accept as true legal conclusions couched as factual allegations. Papasan v. Allain, 478 U.S. 265, 286 (1986). Plaintiff has not alleged facts sufficient to state a claim against City under any theory.

C.    Amendment Would Not Be Appropriate

At the conclusion of his responses to each motion, plaintiff includes a short two-sentence paragraph saying that "the court should generally give the plaintiff at least one chance to amend." Doc. 34 at 20; Doc. 41 at 23. Plaintiff has not sought leave to amend. See Local Civil Rule LR 15.1. Nor does he represent that he could plead facts sufficient to state a claim. In fact, as movants have noted, plaintiff's own pleading supports the existence of probable cause for his arrest. (That is, plaintiff marched into an ongoing outdoor concert with an AK-15 rifle held in his hands, refusing to sling or reposition it when requested. Based on these facts, a reasonable police officer could have believed that plaintiff intentionally or knowingly displayed a firearm in a public place in a manner calculated to alarm.) The court has no reason to believe that amendment would not be futile.

V.

Order

The court ORDERS that the motions to dismiss be, and are hereby, granted, and plaintiff's claims against City and Cannon be, and are hereby, dismissed.

SIGNED January 15, 2019.

_____
JOHN McBRYDE
United States District Judge